UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEREMY COLE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:20-cv-00278 |
| BELLAR CONSTRUCTION MANAGEMENT, INC. and CHARLES BELLAR, | ) ) ) ) |
| Defendants. | ) ) |

# COMPLAINT

1. Plaintiff, Jeremy Cole ("Cole"), by counsel, brings this action against Defendants Bellar Construction Management, Inc. ("BCM") and Charles Bellar ("Bellar") (together "Defendants"), for failure to pay overtime in violation of 29 U.S.C. §207, *et. seq*., under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq*.

## PARTIES

2. Cole is an individual who resides in Miami County, Indiana. Defendants employed Cole within the three-year period preceding the filing of this Complaint. Cole was an individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

3. BCM is an Indiana domestic corporation that owns and operates a construction business in Miami County, Indiana. BCM acted, directly or indirectly, in the interest of an employer with respect to Cole. BCM is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

4. Bellar resides in Miami County, Indiana and is a vice president, officer and/or owner of BCM. Bellar exercised operational control over BCM; controlled

significant business functions of BCM; and acted on behalf of and in the interest of BCM in devising, directing, implementing, and supervising the wage and hour practices and policies challenged in this Complaint. BCM is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION

5. This Court has jurisdiction over Defendants because Cole has asserted a claim arising under federal law.

## VENUE

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391. Venue is appropriate in the Northern District of Indiana because the wage and hour violations at issue in this case occurred in this District and because Defendants reside in this District.

## COVERAGE

7. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).

8. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

9.  At all times hereinafter mentioned, Cole was an employee engaged in commerce or in the production of goods for commerce.

## FACTS

10. Defendants employed Cole from approximately 2013 to March 20, 2020 as a general laborer.

11. Shortly before March 20, 2020, Cole submitted his two weeks notice to Defendants and resigned his employment.  On March 20, 2020, Bellar informed Cole that his services were no longer needed and could cease working for Defendants immediately.

11. Throughout his employment with Defendants, Cole was paid an hourly rate on a weekly basis.

12. At the time Cole's employment ended, Cole's hourly rate of pay was $14.50 an hour.

13. As a general laborer, Cole was not exempt from the overtime provisions of the FLSA.

14. Cole regularly worked in excess of forty (40) hours per week ("overtime hours"), but was not compensated for all overtime hours at the rate required by the FLSA because he was paid his regular rate of pay for all hours worked.

15. Defendants knew that Cole regularly worked overtime hours.  Specifically, Cole was required to clock his weekly hours worked.

16. For example, during the week and pay-period of June 16, 2019 to June 22, 2019, Cole worked and his paystub reflected hours worked totaling 55.5 hours worked. However, Defendants only paid Cole his regular rate of pay of $14.50 for all

hours worked, including his 15.5 overtime hours, for the week and pay-period of June 16, 2019 to June 22, 2019.

17. For another example, during the week and pay-period of December 8, 2019 to December 14, 2019, Cole worked and his paystub reflected hours worked totaling 43.5 hours worked. However, Defendants only paid Cole his regular rate of pay of $14.50 for all hours worked, including his 3.5 overtime hours, for the week and pay-period of December 8, 2019 to December 14, 2019

18. In addition to performing work for Defendants in Indiana, Cole was required by Defendants to travel and perform work out of state at locations in Michigan, Illinois, Kentucky and Ohio where Defendants had job sites.

19. Defendants' conduct in not paying Cole overtime compensation was willful and in bad faith.

## COUNT I:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

20. Cole hereby incorporates by reference paragraphs 1 – 19 of his Complaint.

21. During the relevant time period, Defendants have violated the provisions of Section 7 of the FLSA, 29 U.S.C. § 207 by employing Cole for workweeks longer than forty hours without compensating Cole for his employment in excess of forty hours per week at a rate not less than one and one-half the regular rate of pay for which he was employed.  Defendants have acted willfully, or with reckless disregard, in failing to pay Cole in accordance with the law.

## **PRAYER FOR RELIEF**

WHEREFORE, Cole demands:

a. An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid overtime due to Cole and for liquidated damages in an amount equal to the unpaid compensation found due to Cole;

b. An Order awarding Cole his attorneys' fees and costs of this action; and

c. An Order granting such other and further relief as may be necessary and appropriate.

Respectfully Submitted,

s/Robert J. Hunt
Robert J. Hunt, (#30686-49)
Robert F. Hunt, (#7889-84)
The Law Office of Robert J. Hunt, LLC
1905 South New Market Street, Ste 168
Carmel, Indiana 46032
Telephone: (317) 743-0614
Facsimile: (317) 743-0615
E-Mail: rob@indianawagelaw.com
rfh@indianawagelaw.com

Attorneys for Plaintiff