UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JEREMY COLE,

    Plaintiff,

v.

BELLAR CONSTRUCTION MANAGEMENT, INC. and CHARLES BELLAR,

    Defendant.

CAUSE NO. 3:20-CV-278 DRL-MGG

OPINION & ORDER

The parties jointly moved for approval of the proposed settlement in Jeremy Cole's Fair Labor Standards Act claim for failure to pay him overtime wages (ECF 17). The defendants have agreed to pay Mr. Cole $15,000.00 to resolve all claims, including $5,000.00 payable to Mr. Cole for unpaid wages and liquidated damages, and $10,000.00 for attorney fees and costs (ECF 17-1 at 1). In exchange for the payment, Mr. Cole agrees to release the defendants from any claims he may have against them (ECF 17-1 at 2).

The court assesses this proposed FLSA settlement agreement for fairness. Though this circuit hasn't addressed the issue of whether a district court must approve an FLSA settlement, most courts of appeal have required the district court to do so, and district courts in this circuit—including this district—routinely require approval. *See Beckwith v. Planet Forward, LLC*, 2019 U.S. Dist. LEXIS 23279, 3 (N.D. Ind. Feb. 13, 2019) (DeGuilio, J.); *Salcedo v. D'Arcy Buick GMC, Inc.*, 227 F. Supp.3d 960, 961 n.1 (N.D. Ill. 2016) (citing cases). "To determine the fairness of a settlement under the FLSA, the court must consider whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Burkholder v. City of Fort Wayne*, 750 F. Supp.2d 990, 995 (N.D. Ind. 2010) (Van Bokkelen, J.) (internal quotations and

citations omitted). The court normally approves settlement "where it is the result of contentious arm's-length negotiations, which were undertaken in good faith by counsel and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation." *Id.* (citations and internal quotations omitted). The court considers the following factors: (1) the complexity, expense, and likely duration of the litigation; (2) the stage of the proceeding and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of the defendant to withstand a larger judgment; (6) the range of reasonableness of the settlement in light of the best possible recovery; and (7) the range of reasonableness of the settlement in light of all the risks of litigation. *Id.*; *Beckwith*, 2019 U.S. Dist. LEXIS 23279 at 4.

Analysis of the factors supports the reasonableness of the proposed settlement. The parties have exchanged written discovery in this case, though they anticipate that continued litigation would be costly and time-consuming (ECF 17 at 4). No trial date has been set, so a resolution to this matter would involve months more of litigation. The parties are represented by experienced counsel who have negotiated in good faith and at arm's length. The settlement has been reached because of a compromise over disputed issues and evaluations by both sides of the likelihood of success in the claims and the costs of uncertainties and inconveniences in continuing litigation (ECF 17 at 3). Mr. Cole agrees with the settlement, signed it, and says the value of his immediate recovery outweighs the mere possibility of relief after long and expensive litigation (ECF 17 at 5). Indeed, he estimates that his "best day" of recovery for unpaid wages and liquidated damages would be $5,995.06, and this settlement agreement awards him with more than eighty percent of that amount (*id.*). This amount is fair and reasonable taking into account the additional months of litigation that would be required for a trial, the likelihood of success, and uncertainty over how much a jury would award in damages even if he were to succeed. Because discovery has been ongoing, the parties have had realistic opportunities

to assess their chances of prevailing at trial. This settlement was reached as a product of contested litigation and reflects a fair and reasonable resolution of a *bona fide* dispute between the parties.

The court thus GRANTS the parties' joint motion for approval of the FLSA settlement (ECF 17). Anticipating the payment under the terms of the settlement agreement, the court ORDERS the parties to submit their stipulation to dismiss within 14 days after the payment.

SO ORDERED.

June 22, 2021

*s/ Damon R. Leichty*
Judge, United States District Court